IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX D. ROSS, | No. CIV S-09-0984-FCD-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| A. DAVID, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motion for assistance (Doc. 21) and motion for appointment of counsel (Doc. 24).

      In plaintiff's motion for assistance, he is requesting that the court order an inmate who is not a party to this action to assist plaintiff in litigating this action. Even if the court could issue orders to a non-party, it appears from reviewing plaintiff's motion for appointment of counsel that the non-party is unable and unwilling to do so. Regardless, this court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). The request must, therefore, be denied. Whether or not this inmate willingly assists plaintiff not for the court to decide.

As to Plaintiff's request for the appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not at this time find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for assistance (Doc. 21) and request for the appointment of counsel (Doc. 24) are denied.

DATED: September 14, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE