IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALEX D. ROSS, | | No. CIV S-09-0984-KJM-CMK-P |
| | Plaintiff, | |
| vs. | | ORDER |
| A. DAVID, et al., | | |
| | Defendants. | |
| _____/ | | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for entry of default against defendant A. David (Doc. 22).

      Plaintiff is requesting the court to enter the default against defendant David pursuant to Federal Rule of Civil Procedure 55, alleging the defendant failed to answer or otherwise defend in this matter.

      A defendant is not in "default" unless he "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. Proc. 55(a).  A party generally has 20 days after being served with the summons and complaint to file a responsive pleading. See Fed. R. Civ. Proc. 12(a). However,  if the party has timely waived service under Rule 4(d), a

responsive pleading is timely if filed within 60 days after the request for a waiver was sent.  See id.  A review of the docket in this case shows that defendant David has not been served.  As such, no default can be entered against defendant David for failure to defend.

In fact, on June 1, 2009, the court ordered the United States Marshal to serve the complaint on defendants.  Process directed to defendant David was returned unexecuted on September 21, 2009.  If plaintiff wishes to proceed with his claims against defendant David, plaintiff must provide additional information that will enable the United States Marshal to serve this defendant.  Plaintiff shall promptly seek such information through any means available to him. If plaintiff obtains additional information sufficient to effect service, plaintiff shall immediately notify the court whereupon plaintiff will be forwarded the forms necessary for service by the U.S. Marshal.  Plaintiff is cautioned that failure to effect service may result in the dismissal of unserved defendants.  See Fed. R. Civ. P. 4(m).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for default against defendant David is denied; and

2. Plaintiff shall promptly seek additional information sufficient to effect service on any unserved defendants and notify the court once such information is ascertained.

DATED: February 2, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE