IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX D. ROSS, | No. CIV S-09-0984-KJM-CMK-P |
|     Plaintiff, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| A. DAVID, et al., | |
|     Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On April 22, 2011, the undersigned issued findings and recommendations, recommending the dismissal of defendant David for failure to effect timely service. In response, plaintiff filed objections requesting the court allow an additional attempt of service as defendant David likely returned from Iraq. The undersigned agreed, and vacated the findings and recommendations. The United States Marshal was then ordered to attempt re-service of defendant David after plaintiff submitted new services documents. That second attempt at serving defendant David has been unsuccessful. The court received the unexecuted summons back on October 7, 2011.

///

1

1    The summons was returned unexecuted, after several failed attempts.  It was
2 originally mailed out on July 6, 2011.  That attempt was returned "8-11-11 per facility - 'contact
3 medical personnel we are unable to accept service.'"  On August 17, 2011, the summons was
4 forwarded, but on August 23, 2011, "per Reg. of Physician Spec. - cannot accept svc. worked w/
5 firm until 12/31/08."  On August 31, 2011, the summons was forwarded to defendant's last
6 known address.  On September 6, 2011, "per current residents - does not live there."  On
7 September 7, 2011, the summons was forwarded again, but on September 23, 2011, service was
8 again returned "not deliverable as addressed - return to sender."  Finally, on October 10, 2011,
9 "per CDCR locator - none listed."

10    Federal Rule of Civil Procedure 4(m) provides, in part, that "[i]f a defendant is
11 not served within 120 days after the complaint is filed, the court – on motion or on its own after
12 notice to the plaintiff – must dismiss the action without prejudice against that defendant or order
13 that service may be made within a specified time."  Fed. R. Civ. Proc. 4(m).  Here, more than
14 120 days has passed since the filing of the complaint.  Service has been attempted on this last
15 remaining defendant several times, unsuccessfully.  Service of the complaint is plaintiff's
16 responsibility.  As such, it is plaintiff's burden to provide the United States Marshal with an
17 address sufficient to complete service.  It appears plaintiff is unable to do so in this case.  As
18 service was originally authorized on May 6, 2009, plaintiff has been provided sufficient time to
19 effect service.  It appears that service of this defendant is not possible.  The undersigned will
20 recommend the dismissal of defendant David from this action, pursuant to Rule 4(m).  As
21 defendant David is the last remaining defendant, the undersigned will also recommend this action
22 be dismissed and this case closed.

23    Based on the foregoing, the undersigned recommends that defendant David be
24 dismissed from this action for failure to effect timely service, and this action be dismissed.

25    These findings and recommendations are submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

1 after being served with these findings and recommendations, any party may file written
2 objections with the court.  Responses to objections shall be filed within 14 days after service of
3 objections.  Failure to file objections within the specified time may waive the right to appeal.
4 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  October 28, 2011

_____
 **CRAIG M. KELLISON**
 UNITED STATES MAGISTRATE JUDGE